**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FLOYD HAROLD JOHNSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.  ) | CIV-06-117-R |
| ) | |
| **MIKE MULLIN, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered March 20, 2006 and Petitioner's Objection filed April 6, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner does not dispute that his petition is untimely absent tolling or that statutory tolling is inapplicable. He asserts as he did before the Magistrate Judge that he is entitled to equitable tolling, making the same arguments therefor that he previously made. Upon review of the Report and Recommendation and Petitioner's Object, the Court agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling. Petitioner, like the petitioner in *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998), has "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Id*. Nor does Petitioner explain how the alleged lack of access to a prison or jail law library and his own legal documents prevented him from timely filing his petition herein. Petitioner's argument

that he was somehow prevented from timely filing because he lacked access to a law library and his documents while confined in prison and jail are undermined by the facts that Petitioner asserts the same claims in his habeas petition that he previously asserted on direct appeal and that Petitioner was released from the county jail over two months before the statute of limitations for filing a habeas corpus petition had run.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Floyd Harold Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as untimely filed pursuant to 28 U.S.C. § 2244(d).

**It is so ordered this 11th day of April, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE